Special



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-1295
Re: Are beer distributing stores
subject to payment of the
chain-store tax (Article
1111d Penal Code of Texas).

In your letter of July 20, 1939, you request an opinion of this Department as to whether or not beer distributing stores should be required to pay the chain-store tax.

There could be no question that beer distributing places are "stores" within the meaning of the Texas Chain Store Tax Act Section 7 of Article 1111d provides as follows:

"The term 'store' as used in this Act shall be construed to mean and include any store or stores or any mercantile establishment or establishments not specifically exempted within this Act which are owned, operated, maintained, or controlled by the same person, agent, receiver, trustee, firm, corporation, copartnership or association, either domestic or foreign, in which goods, wares or merchandise of any kind are sold, at retail or wholesale."

The Supreme Court of Texas in the case of Hurt, et al. vs. Cooper, et al., 110 S. W. (2d) 896, in regard to the definition of the term "store", stated as follows:

"The statutes having defined the word, we are not concerned with its usual meaning. Under that definition a mercantile establishment at which goods, wares, or merchandise

Honorable Geo H. Sheppard, Page 2

> of any kind, except those exempted, are
> sold is a store and is taxable as such,
> and this even though it may also be a
> distributing point."

As beer distributing stores do not come within the
exemptions set out in Section 5 of the Act, we must necessarily
conclude that they are subject to the payment of the tax.

We have examined closely the brief submitted by the
Attorney for the Beer Company concerned here, but we are unable
to agree with either his reasoning or his result. He bases the
contention that these beer distributing stores are not subject
to the chain-store tax on two grounds.

First, he states that because the Beer Act, Article
667 of the Penal Code, sets up a tax schedule for beer dis-
tributing places, that these stores are therefore not subject
to payment of the chain-store tax.

This Department has previously ruled in Opinion No.
O-797, addressed to Honorable J. C. Patterson, County Attorney
of Knox County, that the tax set-up in the Liquor Control Act
is a license fee and not an occupation tax. This opinion relied
on the cases of Bradley vs. Texas Liquor Control Board, 108 S. W.
(2d) 300, and City of Ft. Worth vs. Gulf Refining Company, 125
Tex. 512, 83 S. W. (2d) 610. For additional authority see Texas
Liquor Control Board vs. Blacher, 115 S. W. (2d) 1050, Texas Liquor
Control Board vs. Warfield, 110 S. W. (2d) 646, and Texas Liquor
Control Board vs. Jones 112 S. W. (2d) 227.

On the other hand, the tax set out in the Texas Chain
Store Act is an occupation tax and not a license fee. The
Supreme Court of Texas so held in the case of Hurt vs. Cooper,
supra:

> "It is sometimes difficult to determine
> whether a given statute should be classed as
> a regulatory measure or as a tax measure.
> The principle of distinction generally rec-
> ognized is that when, from a consideration
> of the statute as a whole, the primary pur-
> pose of the fees provided therein is the
> raising of revenue, then such fees are in
> fact occupation taxes, and this regardless

of the name by which they are designated.
On the other hand, if its primary purpose
appears to be that of regulation, then the
fees levied are license fees and not taxes
. . . . . "

"Applying this principle to the act in
question, we experience no difficulty in
reaching the conclusion that the so-called
license fees levied thereby are primarily
occupation taxes . . . . . "

A license fee and an occupation tax may both be
levied against the same business.

" . . . . . Where the fee is imposed
for the purpose of regulation, and the
statute requires compliance with certain
conditions in addition to the payment of
the prescribed sum, such sum is a license
proper, imposed by virtue of the police
power; but where it is exacted solely for
revenue purposes and its payment gives the
right to carry on the business without any
further conditions, it is a tax . . . . . .
A tax does not imply a license. There is
no necessary connection whatever between
them. A business may be licensed and yet
not taxed, or it may be taxed and yet not
licensed. And so far is the tax from being
necessarily a license that provision is
frequently made by law for the taxation of
a business that is carried on under a license
existing independent of the tax . . . . . . "
17 Rul. Case Law 479-480.

The Beaumont Court of Civil Appeals in the case of
City of Beaumont vs. Sam's Loan Office, Inc., 31 S. W. (2d)
882, in construing a municipal ordinance which regulated auction
sales within the city of Beaumont, stated as follows:

" . . . . . . The right to assess an
occupation tax and the right to regulate a
business by requiring the payment of a
license fee invoked two entirely different
governmental powers. That municipal corp-
orations have the power to require the pay-
ment of both an occupation tax and a license

Honorable Geo. H. Sheppard, Page 4

fee by one in the same business was direct-
ly held by the court in Xydias Amusement Co.
v. City of Houston, supra, upon an argument
so conclusive that it is necessary only to
cite that case."

This case was later reversed by the Commission of
Appeals, however, on the ground that the municipal ordinance
was vague.

The exact question involved here confronted the
Supreme Court of Florida in the case of Dunlop Tire & Rubber
Co., et al v. Lee, State Comptroller, 171 So. 331. In con-
struing the Florida Chain Store Tax Act (Chapter 16848), the
court said as follows:

"The circuit court properly held that
the business of appellant as the owner and
operator of retail tire stores was subject
to the special license taxes imposed by
chapter 16848, notwithstanding it was al-
ready licensed and paying taxes under chap-
ter 12412, Acts 1927, Laws of Florida, spe-
cially applying to tire and tube dealers."
See also Liggett Drug Co. v. Lee (Fla.) 171
So. 326.

Second, the Attorney for the Beer Company contends
that the following section from the Beer Act excludes the im-
position of the Chain Store Tax upon these beer distributors:

"Unless otherwise herein specifically
provided by the terms of this act, the manu-
facture, sale, distribution and possession
of beer, as herein defined, shall be governed
exclusively by the provisions of this Article."

Certainly, nothing in the Chain Store Tax Act or the
Beer Act expressly exempts beer-distributing stores from the
Chain Store Tax. If such stores are to be exempt, such exemp-
tion could be found only by implication. A close analysis of
this section, however, indicates that the particular act in
question shall govern exclusively only "the manufacture, sale,
distribution and possession of beer". Certainly, there is nothing
in this language to exclude the right of the Legislature to tax

Honorable Geo. H. Sheppard, Page 5

these beer-distributing places as they did in the Chain Store Tax Act. The Attorney cited no authorities, and the writer was unable to find any to bear out his contention that the section which he cites would exclude the Legislature from so taxing them.

You are, therefore, advised that beer-distributing stores are not exempt from payment of the Texas Chain Store Tax.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Billy Goldberg
Billy Goldberg
Assistant

BG:RS   APPROVED SEP 9, 1939

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS